IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD GUERRERO, ARACELY GUERRERO, *Plaintiffs* | § § § § | SA-23-CV-01036-XR |
| -vs- | § § | |
| PENNYMAC LOAN SERVICES, LLC, *Defendant* | § § § | |

## ORDER GRANTING MOTION TO DISMISS

On this date, the Court considered Defendant's motion to dismiss (ECF No. 3). After careful consideration, Defendant's motion is **GRANTED**.

### BACKGROUND

Plaintiffs Richard and Aracely Guerrro seek to prevent Defendant PennyMac Loan Services, LLC ("PennyMac") from foreclosing on the real property located at 10351 Rosewood Creek in San Antonio, Texas (the "Property").

Plaintiffs purchased the Property on April 16, 2013, with funds obtained through a purchase-money loan (the "Loan") in the original principal amount of a loan of $203,300, as evidenced by a promissory note and security instrument ("Deed of Trust") in favor of the lender, SWBC Mortgage Corporation. *See* ECF No. 3-1. The Deed of Trust was later assigned to PennyMac. *See* ECF No. 3-2 (Loan Modifaction Agreement executed by PennyMac).[1]

The Deed of Trust requires Plaintiffs to make regular monthly mortgage payments and further states that "[Plaintiffs] shall pay all . . . Community Association Dues, Fees, and

---

[1] Defendant has attached as exhibits to its motion copies of the Deed of Trust and a loan modification. *See* ECF Nos. 3-1, 3-2. The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Because the Deed of Trust is central to the claims set forth in the Petition and referenced therein, the Court may consider them in evaluating Defendant's motion to dismiss.

Assessments" and gives PennyMac various remedies to protect its property interest in the event loan or HOA payments are not made, including foreclosing on the property. ECF No. 3-1 at 4, 6. The Deed of Trust also includes a "Due on Sale" clause that restrains Plaintiffs from causing the Property to be sold without notice and approval from PennyMac. *Id*. at 13.

Plaintiffs defaulted on the mortgage loan and, after they also failed to make HOA payments, the HOA foreclosed on its lien, and a third-party buyer purchased the Property in May 2023. *See* ECF No. 1-1 at 3. Thereafter, given Plaintiffs' numerous defaults on their obligations under the Deed of Trust, PennyMac instituted its own foreclosure proceedings on its superior lien and scheduled a foreclosure sale for July 5, 2023. *See id.* at 11.

Two days before the scheduled foreclosure sale, Plaintiffs filed their original petition in state court, seeking to enjoin Defendant from selling the Property. *Id.* at 1. The preamble to the petition references "causes of action for money damages, Breach of Contract, Request for injunctive relief, and Request for Accounting[.]" *Id.* Aside from a passing reference to "wrongful foreclosure," the body of the petition identifies only one cause of action: a claim for injunctive relief. *See id.* at 3–4. The petition does not allege any injury beyond the alleged "irreparable injury" that Plaintiffs would suffer absent an injunction of the foreclosure sale. *See id.* at 4–5.

On August 21, 2023, Defendant removed the action to this Court on the basis of diversity jurisdiction. ECF No. 1. Shortly thereafter, Defendant moved to dismiss Plaintiffs' petition in its entirety, arguing (1) that because Plaintiffs no longer own the Property, they lack standing to challenge any foreclosure proceedings, and (2) that Plaintiffs have failed to identify any underlying substantive cause of action that could support their claim for injunctive relief. *See* ECF No. 3. No response has been filed, and the time in which to do so has expired.[2]

---

[2] Although Plaintiffs failed to file a response or inform the Court that the motion is unopposed as required by Local Rule CV-7(D), the Court will not treat the motion as unopposed. Rather, it will be evaluated on the merits. *See*

**DISCUSSION**

**I.      Defendant's Motion to Dismiss for Lack of Standing**

Defendant asserts that, because Plaintiffs no longer own the Property, they do not have standing to assert any claims related to the Property. ECF No. 3 at 5–6 (citing *Lay v. Aetna Ins. Co.*, 599 S.W.2d 684, 686 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.) (cause of action for an injury to property belongs to the person owning the property at the time of the injury); *Clems Ye Olde Homestead Farms LTD v. Briscoe*, No. 4:07CV285, 2008 WL 5146964, at *1 (E.D. Tex. Dec. 8, 2008) ("The cause of action for an injury to property belongs to the person owning the property at the time of the injury.")). The Court disagrees.

Foreclosure, even of a property that a borrower no longer owns, undoubtedly impacts the borrower's rights and interests, so long as he remains in privity with the lender. "As a general rule, only the mortgagor or a party who is in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust." *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988).[3] A borrower's rights under the security instrument are not automatically transferred to the new owner along with the property. For example, a lender need not send pre-foreclosure notices to any party other than the borrower, including the new owner. *See Olivares v. Pyatt*, No. 2:15-CV-81, 2015 WL 12751698, at *2 (S.D. Tex. Aug. 26, 2015) (purchaser in possession of mortgaged property who made loan payments on

---

*Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) ("The Federal Rules of Civil Procedure, however, do not, by their own terms, require a party to file a response in opposition to a motion to dismiss. *See* FED. R. CIV. P. 12. Accordingly, the district court improperly granted the motion to dismiss for failure to state a claim solely because the Webbs failed to oppose the motion."); *Ramirez v. United States*, 410 F. Supp. 3d 824, 830 n.1 (S.D. Tex. 2019) ("The Court, however, may not simply grant a motion to dismiss as unopposed; it must consider the merits of the motion.").

[3] Non-borrowers with a legal or equitable interest in the property may have *third-party* standing to challenge a foreclosure sale, but their third-party standing does not terminate the borrower's rights to sue for violations of the loan agreement or deed of trust. *See Goswami*, 751 S.W.2d at 489 ("[W]hen the third party has a property interest, whether legal or equitable, that will be affected by such a sale, the third party has standing to challenge such a sale to the extent that its rights will be affected by the sale.").

behalf of the borrowers was not entitled to pre-foreclosure notices because he was not a party to the loan); *Schlotte v. Option One Mortg. Corp.*, No. 09-11-00208-CV, 2012 WL 1951125, at *4 (Tex. App.—Beaumont May 31, 2012, pet. denied) ("Although [the purchaser] had an interest in the property, as noted above, he was not a party to the note or the deed of trust, and thus was not entitled to notice of the foreclosure sale.").

Moreover, to the extent that the proceeds of any foreclosure sale fail to satisfy the unpaid balance of the loan, it is the borrower—not the new owner of the property—who will face a deficiency claim for the difference. *See* TEX. PROP. CODE § 51.003(a). Likewise, a claim for wrongful foreclosure can arise only *after* foreclosure has occurred—that is, after the plaintiff has already lost the property in question. *Foster v. Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017). Under Texas law, a plaintiff must establish (1) a defect in the foreclosure proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and grossly inadequate selling price. *Id.* A borrower cannot possibly establish a "grossly inadequate selling price" for property that has not been sold. *See id.* (citing *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011) (reasoning that recovery is premised on lack of possession of the subject property)); *see also Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013) ("Without a sale of the house, there can be no viable wrongful foreclosure claim under Texas law.").

Any foreclosure of the Property would proceed according to the terms of the Deed of Trust, to which the new owner is not a party. Because Plaintiffs remain in privity with PennyMac, their rights under the Deed of Trust survive the transfer of the Property at the HOA foreclosure sale. Moreover, depending on the selling price, a foreclosure by PennyMac might still give rise to a claim for wrongful foreclosure, a deficiency claim, or both.

In one sense, the Court acknowledges that it is difficult to assess Plaintiffs' standing to challenge the foreclosure because, as discussed below, it is impossible to discern the theory of liability they seek to advance in the petition. They may have standing to assert some claims relating to the Property but not others. But PennyMac has not analyzed Plaintiffs' standing to assert the specific causes of action referenced in the petition; instead, it takes the sweeping and utterly groundless position that the HOA foreclosure sale extinguished Plaintiffs' right to assert any claims "related to the Property." ECF No. 3 at 5.

Still, "standing to bring a claim is only useful when one has a viable claim to bring." *Olivares*, 2015 WL 12751698, at *2. Accordingly, the Court proceeds to Defendant's challenge to the substance of Plaintiffs' petition under Rule 12(b)(6).

## II.   Motion to Dismiss for Failure to State a Claim

### A.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross &*

*Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

### B. Analysis

#### 1. *Plaintiffs fail to state a substantive cause of action*

The petition's stray references to claims for wrongful foreclosure, breach of contract, and a request for an accounting are insufficient to state any substantive cause of action.

As previously discussed, wrongful foreclosure claims are premised on the defendant's successful foreclosure. *Foster*, 848 F.3d at 406. Although Plaintiffs have already lost both

6

ownership and possession of the Property, PennyMac did not initiate the foreclosure proceedings that led to the sale of the Property.

Plaintiffs have also failed to state a claim for breach of contract. To properly plead a breach-of-contract claim in a wrongful foreclosure case, "a plaintiff must identify a specific provision of the contract that was allegedly breached." *Innova Hosp. San Antonio, L.P.*, 995 F. Supp. 2d at 602; *see also Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of contract of a note and deed of trust must identify the specific provisions in the contract that was breached."); *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (affirming dismissal of breach-of-contract claim where plaintiff did not specify which provision in the deed of trust was breached). The original petition does not allege that Defendant has violated any specific provision of the Deed of Trust, but merely makes a vague assertion that "[t]here is no default sufficient to justify foreclosure and any alleged default has been cured or waived[.]" ECF No. 1-1 at 4.

Finally, Plaintiffs have failed to adequately allege a claim for an accounting. Under Texas law, an action for an accounting may either be a suit in equity or a "particular remedy sought in conjunction with another cause of action." *Sauceda v. Wells Fargo Bank*, N.A., No. SA-12-CV-01094-DAE, 2013 WL 690534, at *2 (W.D. Tex. Feb. 25, 2013).[4] Only where the facts and accounts at issue are so complex that adequate relief cannot be obtained by law is such an action appropriate. *Id.* (citing *Hutchings v. Chevron U.S.A.*, 862 S.W.2d 752, 762 (Tex. App.—El Paso 1993, writ denied)). Plaintiffs allege only that "[t]here is ample equity in the property." ECF No. 1-1 at 4. They do not offer any reason to believe that there is a discrepancy in the amount of equity,

---

[4] If an accounting claim is not made in equity, it is purely a "remedy, not a cause of action, [that] cannot stand as an independent claim." *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. CIV.A. H-12-2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013).

7

let alone that the facts and accounts are so complex that adequate relief is not otherwise available at law. Plaintiffs have not alleged sufficient facts to support an independent claim for an accounting or any other substantive cause of action.

    *2. Plaintiffs' claim for injunctive relief fails as a matter of law*

"Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). Because Plaintiffs' substantive claims fail as a matter of law, they cannot support a claim for injunctive relief.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Petition for failure to state a claim (ECF No. 3) is **GRANTED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

It is so **ORDERED**.

**SIGNED** this 16th day of October, 2023.

                                            XAVIER RODRIGUEZ
                                            UNITED STATES DISTRICT JUDGE